**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SILVIA NEVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 4303 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| COMMUNITY UNIT SCHOOL DISTRICT #300, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

Silvia Nevarez has sued Community School District #300 ("School District") for retaliation pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Before the Court is defendant's motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the motion is denied in part and stricken in part as moot.

## Facts

Nevarez is an English-as-a-Second-Language teacher working in the School District's alternative language program. (Am. Compl. ¶ 5.) In 2009, Nevarez filed a complaint with the U.S. Department of Education, Office for Civil Rights and alleged that the School District discriminates against Hispanic English Language Learners ("ELL") in grades K–5 at Westfield Community School and grades 6–8 at Dundee Middle School on the basis of national origin by: (1) failing to provide appropriate English language development services and support to ELL

students; (2) failing to provide a sufficient number of staff to meet the educational needs of ELL students; (3) failing to provide effective methods of communication for Hispanic parents of ELL students who speak limited English; (4) failing to administer the U.S. Constitution Test and the State of Illinois Constitution Test to ELL students, as required by the District and the State of Illinois; (5) failing to provide ELL students access to gifted and talented programs; (6) requiring Nevarez to seek approval from the administration before working with ELL students before and after school, while not requiring other teachers to seek approval from the administration for non-ELL students; and (7) limiting Nevarez's access to the school building during non-instructional days and hours, while not limiting the access of other staff. (*Id.* ¶¶ 6–7.)

Nevarez complained to administrators at the school and the District's Title III Office regarding the alleged discriminatory treatment of Hispanic ELL students. (*Id.*) Nevarez also voiced concerns to school administrators regarding her own treatment and asserted that the School District discriminated against her on the basis of her national origin. (*Id.* ¶ 8.) In response to these complaints, Nevarez alleges that the School District engaged in a pattern of retaliation and harassment against her, creating a hostile work environment that began at the conclusion of the 2007–08 school year. (*Id.* ¶ 9.) The School District's alleged retaliatory conduct includes, among other things, failing to promote Nevarez to positions that she was qualified to perform, orally reprimanding Nevarez, questioning Nevarez's students regarding her class instruction, falsely accusing Nevarez of not serving students and arriving late and calling Nevarez "paranoid, edgy . . . and adversarial." (*Id.*) On April 16, 2010, Nevarez filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") and alleged that the School District retaliated against her in

violation of Title VII. (*Id.* ¶ 20; Am. Compl., Ex. A, EEOC Charge.) On May 24, 2010, the EEOC issued a Notice of Right to Sue. (Am. Compl. ¶ 21; Am. Compl., Ex. B, Dismissal Notice Rights.)

## **Discussion**

Pursuant to Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For the purposes of a Rule 12(b)(6) motion to dismiss, a court must accept as true all of the allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A plaintiff may also "plead itself out of court" by asserting facts and admitting all the elements that establish a defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).

Nevarez has sued the School District pursuant to Title VI and Title VII. Title VI provides that no person "shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Although the statute does

3

not expressly prohibit retaliation, Title VI's implementing regulations provide that no recipient of federal funding "shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI] . . . because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under [Title VI]." 34 C.F.R. § 100.7(e).

Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Protected activity under Title VII's antiretaliation provision falls into two categories: (1) opposing any "unlawful employment practice;" and (2) making a charge, testifying, assisting, or participating in "any manner in an investigation, proceeding, or hearing" under Title VII. *Id.*

Defendant moves to dismiss plaintiff's Title VI and Title VII retaliation claims for failure to allege an adverse action. The School District argues that to allege a *prima facie* case of retaliation under Title VI or Title VII, plaintiff must allege, among other things, that she suffered an adverse action. (*See* Def.'s Mem. Supp. Mot. Dismiss 4.) However, the *prima facie* case under is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Pursuant to Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In her First

Amended Complaint, Nevarez alleges that: (1) she engaged in protected activity under Title VI by voicing concerns and complaints to administrators at the school level and the school district's Title III Office over the discriminatory and unfair treatment of Hispanic ELL students and her based on national origin; and (2) the School District engaged in a pattern of retaliation and harassment against Nevarez and created a hostile work environment beginning at the conclusion of the 2007–2008 school year as a result of these concerns and complaints. (Am. Compl. ¶¶ 7, 9.) Nevarez also alleges that: (1) she engaged in protected activity under Title VII when she complained to the administration regarding the School District's discrimination against her based upon her national origin and/or race; and (2) the School District retaliated against her for her opposition to the School District's practices against her that were unlawful under Title VII. (*Id.* ¶ 22.) Nevarez's allegations concerning Title VI and Title VII retaliation meet the requirements of Rule 8(a)(2). Therefore, these allegations are sufficient to overcome a motion to dismiss.

With regard to her Title VII claim, the School District also argues that Nevarez failed to exhaust administrative remedies as to her allegations regarding discrimination on the basis of national origin or race. Before bringing a charge of retaliation under Title VII, plaintiffs are required to exhaust their administrative remedies. *See, e.g., Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC.") (quotation omitted). This requirement "afford[s] an opportunity for the EEOC to settle the dispute between the employee and employer and put[s] the employer on notice of the charge against it." *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir. 1995).

5

Nevarez alleges retaliation in the First Amended Complaint and thus, she was required to file a charge of discrimination with the EEOC alleging retaliation before bringing suit. In her EEOC charge, Nevarez marked the box for "Retaliation" and wrote: "During my tenure, I have objected to Respondent's discriminatory treatment. As a result, I have been subjected to different terms and conditions of employment, including, but not limited to scrutiny, and I have been denied promotion into positions for which I am qualified." (Am. Compl., Ex. A, EEOC Charge.)

Defendant argues that her EEOC charge does not indicate that the School District ever discriminated against her based on her race or national origin. (Def.'s Mem. Supp. Mot. Dismiss 3.) However, defendant miscomprehends Nevarez's allegations in the instant lawsuit. Nevarez does not allege that the School District discriminated against her based on race or national origin in violation of Title VII. (*See* Pl.'s Resp. Def.'s Mot. Dismiss 9.) Rather, Nevarez alleges the School District retaliated against her in response to her complaints regarding the School District's discrimination against her and Hispanic ELL students based on race and national origin. (Am. Compl. ¶¶ 7–9.) Because Nevarez does not allege discrimination based on national origin or race, the Court strikes that portion of defendant's motion to dismiss based on failure to exhaust her administrative remedies as moot.

**Conclusion**

For the foregoing reasons, the Court denies in part and strikes as moot in part defendant's motion to dismiss plaintiff's First Amended Complaint [doc. no. 27].

**SO ORDERED**    ENTERED:  March 24, 2011

_____
**HON. RONALD A. GUZMAN**
**U.S. District Court Judge**